IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-40486
Summary Calendar
_____

In The Matter of: RICHARD A. TAFF;
VICTORIA TAFF,

Debtors.

*******************************

ELWOOD McKINNEY,

Appellant,

versus

RICHARD A. TAFF, also known as
Richard A. Taff, doing business
as National Agency of North America;
VICTORIA TAFF, also known as Vickie Taff,

Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
(M-96-CV-23)
_____

January 7, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

The only question before us in this appeal is whether the 1982

agreement between Taff and McKinney was an actual assignment of

commissions or a disguised security arrangement.  The bankruptcy

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and district courts concluded that it was a security arrangement, and we agree.

Under Southern Rock, Inc. v. B & B Auto Supply, 711 F.2d 683, 685 (5th Cir. 1983), whether an agreement constitutes a security arrangement is determined with reference to state law. Under the Texas law applicable to this case, the test for creation of a secured interest is whether "'the transaction [was] intended to have effect as security.'" Id. (quoting Tex. Bus. & Comm. Code. § 9.102 comment 1). To determine whether a particular agreement was so intended, Texas courts look to "the substance of the documents in light of the circumstances of the case." John Bezdek Insurance Associates, Inc. v. American Indemnity Company, 834 S.W.2d 401, 403 (Tex. App. San Antonio 1992) (citing In re Miller, 545 F.2d 916, 918 (5th Cir. 1977)). In this case, contrary to other areas of Texas contract law, the "substance of the documents controls over the words used therein." Id.

Although the bankruptcy court did not reveal the test it employed, it was nonetheless correct to conclude that the 1982 agreement was a disguised security arrangement. There was direct testimony from McKinney himself that the purported assignment was intended to secure the guarantee of a loan, and that the assignment was not aggressively collected on until after the loan had gone into default. There was further testimony that the commissions purportedly assigned absolutely were actually pledged as security elsewhere. In addition, several of the clauses of the agreement

-2-

itself were more typical of a security arrangement than an assignment. Because this evidence of intent to provide security vastly outweighed the mere wording of the document, the agreement was a security arrangement.

Because the 1982 agreement was clearly a disguised security arrangement under the governing Texas law, the bankruptcy court was also correct to apply 11 U.S.C. § 522(a) to prevent it from extending post petition.

For these reasons, we AFFIRM the district court.

A F F I R M E D.